## WILLI vs. PETERS.

Under the act concerning Landlords and Tenants, upon a failure of payment of rent, the landlord is entitled to his action for the recovery of his possession against the tenant, or other person in possession, and cannot be deprived of his remedy by a transfer of the possession, or by an abandonment by his tenant and intrusion of a stranger.

APPEAL from St. Louis Court of Common Pleas.

FREMON & REBER, *for Appellant.*

The only question before the court is as to the sufficiency of the affidavit of Willi. The appel-

lant contends that the affidavit is sufficient. By the 3d sec. of the act "concerning Landlords and Tenants in St. Louis county," approved Feb. 27, 1845, the demand of the rent must be made of the lessee or *person occupying the premises;* and by the same section the landlord is required (among other things) to state in his affidavit that the rent has been demanded of the "lessee or *person occupying the premises;*" and by the same section the justice is required to issue a summons against the "lessee and all persons occupying the property." By the 4th section, the summons must be served upon the "lessee or person occupying the property." The act aforesaid does not require the landlord to state in his affidavit that the person occupying the premises is a sub-tenant of the lessee. The affidavit therefore, is in conformity with the third section of said act.

W. M. CAMPBELL, *for Appellee.*

1. The special act, entitled "an act concerning Landlords and Tenants in the county of St. Louis," is a very prompt, harsh and stringent remedy as against tenants; it is in derogation of the general law and of common right, and it should be strictly confined to that class of cases to which it was designed to apply.

2. Said statute is designed to apply only against tenants and sub-tenants, and it is a gross abuse of the act to attempt to use t as a remedy against adverse claimants, who do not claim or hold either as tenants or sub-tenants.

3. In order to authorize a suit and recovery under this act, the affidavit which is the foundation of the proceeding, should distinctly show that the relation of landlord and tenant exist between the plaintiff and defendant, and that the defendant is either the tenant or sub-tenant.

4. In actions of this kind no declaration or statement of the cause of action is authorized or required by the statute, but the affidavit stands in lieu of a declaration, and it is essential that it should show such facts as to bring the parties within the scope of the law as landlord and tenant.

5. If the affidavit does not show the relation of landlord and tenant to exist, there is no legal ground for entertaining an action of this peculiar nature.

6. To sustain such a proceeding on such an affidavit would enable a plaintiff to use this peculiar remedy against all adverse claimants, and render it a substitute for the action of ejectment.

7. The bill of exceptions does not properly preserve the facts and proceedings before the Court of Common Pleas on the trial of the motion.

8. The bill of exceptions does not show that all the evidence in the court below was properly preserved.

NAPTON, J., *delivered the opinion of the Court.*

This was a proceeding under the act of February 27, 1845, concerning Landlords and Tenants in the county of St. Louis. The landlord, Willi, made affidavit that on the 24th June, 1847, he rented to one Hinckley a house and lot (describing it) to be held by said Hinckley as tenant at will, from month to month, at the monthly rent of $12 50; that one month's rent was due; that on the day it was due and payable he demanded from Peters, the person occupying the premises, the rent aforesaid, and that said Peters refused to pay it, whefore he prays process against Hinckley and Peters, according to the act aforesaid. The plaintiff had a judgmen before the justice, but the case was taken before the Court of Common Pleas, where the defendant, Peters, filed a motion

to dismiss. The grounds of his motion were, that the statement and affidavit filed in the case did not show that said Peters was a tenant of said plaintiff, or in any manner held under him, or that said Peters owed any rent to said Willi. The motion was sustained, and the plaintiff appealed to this Court.

The object of the statute, upon which this proceeding was based, seems to be simply to afford the landlord a speedy mode of getting possession of his property where there has been a failure on the part of the tenant to pay rent. The object of the law would be easily defeated if the tenant could by deserting the premises or putting a stranger in possession, defeat the action. The object of the law is not to provide for the recovery of rent, but merely for the recovery of possession of the rented premises. So easy a mode of evading the only redress which the statute offers, as the one suggested, has not been overlooked. The third section expressly provides for the case of a transfer of possession from the lessee, and requires the demand of rent in such cases to be made either of the lessee or the person in possession. The law further specifies what the affidavit must contain. It must set forth the terms upon which the property was rented, the amount of rent due, the demand upon the lessee or occupying tenant, and the failure of payment. All this is done in the affidavit of Willi. It is perfectly immaterial in what way Peters got into possession ; he must have acquired the possession from Willi's tenant, Hinckley, or intruded upon the vacant premises after Hinckley's abandonment. In either event, the landlord is entitled to the possession. If Peters obtained the possession from the tenant, Hinckley, it was his duty to ascertain the terms of the lease, and how far they had been complied with before he rented from the tenant. If he neglected to inform himself of these particulars, he must abide the consequences. If he was a mere intruder upon vacant premises, this remedy is only a more speedy mode of ejecting him than a writ of "forcible entry and detainer."

The judgment is reversed and the cause remanded.