Evans v. Müller.

---

Evans, Respondent, v. Muller, Appellant.*

1. An affidavit in a proceeding under the "Act concerning landlords and tenants in the county of St. Louis," (R. C. 1845, Appendix, p. 1101,) which states that a certain lot was let to M., the defendant, for a term of twenty years at a certain rent; that the sum of $695.50 is now due for the said rent; that the same has been demanded and payment has not been made, but which does not state of whom defendant leased the lot, or who was his landlord, or to whom he owed the debt due for rent, is defective; its defectiveness may be taken advantage of by a motion in arrest of judgment.

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*D. C. Woods*, for appellant.

*Jones & Sherman*, for respondent.

I. The affidavit was sufficient. Whatever defect there might have been in it was cured after verdict. (2 R. C. 1855, p. 1256, § 19.)

Ryland, Judge, delivered the opinion of the court.

This is a suit under the landlord and tenant act of St. Louis county. The only question we shall notice is that arising on the defendant's motion to arrest the judgment be-

---

* The opinion in this case was delivered at the October term, 1856, of the Supreme Court.—[Rep.

cause the plaintiff's affidavit is insufficient. The affidavit is as follows: " State of Missouri, county of St. Louis, ss. Asa S. Jones, agent for Augustus H. Evans, being duly sworn, on his oath says that Casper Müller is the occupant of a certain lot of ground situate on the east side of Carondelet street, in a fractional block, bounded west by said Carondelet street, north by Wood street, and east by Short street, and south by Washington (now Miller) street; said lot containing thirty feet front on the east side of Carondelet street by one hundred and twenty feet, more or less, in depth, and bounded north by property occupied by Tirmenstein, and south by McShore, being moreover in the first ward in the city and county of St. Louis ; which said lot of ground was let to said C. Müller on the first of August, 1841, for the term of twenty years, at the rate of forty-five dollars per annum, payable semi-annually ; and the sum of $695.50 is now due for said rent ; and that the same has been demanded and payment has not yet been made. [Signed] A. S. Jones, agent for Augustus H. Evans."

This affidavit states that defendant leased the lot for twenty years, but does not show from whom he leased, or who was his landlord, or to whom he owed the debt. Must not the affidavit set forth substantially all the facts entitling the party to the relief ? If it does not, when on trial all the necessary facts have been proved as appears by the bill of exceptions and judgment rendered for the plaintiff, can the judgment stand or must it be arrested ? This case is not like the case of Willi v. Peters, 11 Mo. 395, or the case of Shepard v. Martin, decided at this term ; for in these cases the affidavit did show substantially a good cause of action. Here is an omission which, in our opinion, is fatal. It is not a mere informal showing of a cause of action—a cause of action in itself good but defectively stated and set forth—but here is no cause set forth in favor of the plaintiff substantially good. The proof will not therefore help it or cure the omission. The judgment below ought to have been arrested and the suit dismissed. The judgment is reversed. The defect being incurable, the case is not remanded ; the other judges concurring.